Kirkpatrick C. J.
This is a writ of error, to the Common Pleas of Bergen county in an action of covenant.
*867 The plaintiffs in their declaration, set forth, that by certain deeds of indenture, they sold and conveyed to the defendant, in fee, fourteen lots of laud, in the town Jersey, that is to say, eight by one deed, and six by another, described therein by their numbers and the streets upon which they are, he yielding and paying for the said eight lots, the sum of $72, and for the said six lots, the like sum of $72, on the first day of May, yearly, and every year, for ever; and that the said defendant, in and. by the said deeds of indenture, entered into express covenant, with them to pay the said rents accordingly.
Then they assign for breach of the covenant in the deed of indenture, for the eight lots contained, that on May 1, 1816, a large sum of money, to wit, the sum of $192, of rent due for lots, 74 and 76, in Essex street, and 78 and 75, in Morris street, mentioned in the said indenture, for eight years, then elapsed, became, and was, and still is in arrear, due and unpaid; and for breach of the covenant in the deed of indenture, for the said six lots contained, that on the same 1st of May 1816, another large *sum of money, to wit, the sum of $96, of rent due for lot 8, in Essex street, mentioned in the said indenture, for eight years, then elapsed, became due, and was, and still is due, in arrear and unpaid; contrary to the tenor and effect, true intent and meaning, of the said covenant; and that therefore, the said defendant, hath not kept his said covenants with the said plaintiffs, but hath broken the same.
The defendant made no objection to the declaration, but pleaded three pleas, to which there were replications in due form; but from the course the cause took, it is unnecessary to speak of them.
The plaintiffs, on the trial, gave in evidence, the counterparts of these deeds of indenture, duly executed by the defendant, containing the covenants above set forth, and then rested their cause. Upon this, there was a motion for a nonsuit, and the court ordered the plaintiffs to be called. To this opinion of the court, there was a bill of exception taken, which is the foundation of this writ of error.
From the argument at the bar, we are given to under *868 stand, that this nonsuit was ordered, not from any want due proof of the execution of these indentures, for they were admitted by the defendant himself; nor for any im- . . ’ perfection or deficiency m the covenants, for they were manifestly complete ; but for the fault and unskilfulness of the declaration, in setting forth the breaches of the said covenants, and because it was so badly done, that the defendant could not be put to answer.
It may readily be admitted, that these breaches are not assigned with all the skill and precision of an able pleader.
The covenant in the first deed is, that the defendant shall pay, for the eight lots therein contained, the sum of $72, yearly and every year, for ever. The breach assigned is, that he has not paid, but that there is a large sum, to wit, the sum of $192, in arrear, being the rent due on four of these lots for eight years; and the amount and assignment in the last deed, are exactly similar, going to one lot only, instead of four.
Now, one would think- it were hardly possible to express this breach in more clear and unequivocal terms, than to say the defendant covenanted to pay $72 a year, and yet, that he has not paid it, but has left $192 unpaid. That the assignment goes farther, and states the particular lots, upon which the rent was not paid, and for how long time it was not paid, though unnecessary *and introductory of circumstances altogether impertinent, yet, certainly cannot vitiate that which is good.
Some short sayings, have been picked up from theabridgements, and cited upon this subject, which seem not to have been well considered. For instance, in Com. Dig. Plead. C. 47, it is said, If a breach assigned, be not in the words of the covenant, but shorter or larger than the . covenant, it is bad. But when we come to look into the cases, upon which this position is founded, and thereby discover the true meaning of the writer, we see, that it has no application at all to the case before us. To take one or two of them only. A covenant to enjoy without lawful disturbance, and breach assigned that he was disturbed, is bad; the breach is shorter than the covenant; it should have been, that he was lawfully disturbed. So, covenant to *869 pay so much per ton for thetransportation of merchandise, and breach assigned that he had not paid for so many tons, and one hogshead, is bad; the breach is larger than the he was to pay by the ton, and not pro rata, for any smaller quantity, as a hogshead. Again. In Espinasse, title, Covenant, it is said, In covenant to pay a sum certain, there can be no apportionment of demand, for the breach must follow the covenant, which is entire. This seems to be the principal authority relied upon in this case. But what does the author mean ? Let us refer to his cases. The first is, the one above cited-, about paying by the ton; and then, there could be no demand of payment, for any thing less than a ton, as a hogshead; there could be no apportionment, the covenant was not to pay pro rata, for any less quantity. The next, and only other case there cited, is covenant to pay two shillings per quire for writing, and the breach assigned is, that he did not pay for four quires, and three sheets, and adjudged bad, because the breach must follow the covenant, which was to pay by the quire, and not by the sheet at all.
But, is it possible to deduce from these cases, by any process of analogical reasoning, that if a man covenants to pay $72, per annum rent, and pays $20 of it only, that you shall not recover the residue, because it is less than the covenant ? or because, the $72 being a sum certain, there can be no apportionment, and you must recover the whole or none.
Again. The defendant has cited Co. Lit. 143, to shew that this is a rent charge, being a reservation of rent upon a fee, with *power to distrain. It is so. He then reads the same book, 147, b., to shew that a rent charge is an entire thing, issuing out of every part of the land, and cannot be apportioned. It is so in a certain sense, but how does that help him ? Does it prove that if a part only be paid, you cannot distrain for, or recover, the residue ? Let us see what the author is speaking of; what he means by a rent charge being an entire thing, issuing out of every part of the land, which cannot be apportioned. He says, if a man hath a rent charge out of certain land, and he purchase any part of this land to himself, and his heirs, all the rent charge is extinct, because it cannot by such *870 manner, be apportioned. Now, take it that this extinguish-would apply as well to the covenant as the power distress, and what does it amount to? It amounts to this, and only this; that if he who has the rent charge, purchases part of the land, out of which it issues, he shall not apportion for himself, and recover accordingly; he shall not say the part purchased shall go for so much, and the part in the hands of the feoffee shall render the residue, and then distrain for such residue; but the whole shall rather become extinct; because, upon the purchase, he did not take care to make the apportionment,, and hold the feoffee bound.
But how does all this apply to this case ? Have the plaintiffs purchased any part of these lots ? Is there any apportionment to be made between them and the defendant ? What is there then, in this doctrine, that at all exonerates him from the payment of this money ?
We are then thrown back again upon the form of the assignment of these breaches. And upon this it may be said, that in order to make an assignment bad, upon either of the principles taken by the defendant, it must be such an assignment as may be perfectly true, and the covenant not broken, as the fact is in the cases cited from Com. Dig. and Espinasse. Now, if what the plaintiff has said here, can possibly be true, and yet the covenants not broken, that is to say, if the sums of $192, and $96, can possibly be due. and unpaid, of these rents, and yet the defendant has performed his covenants, and paid the money, then the assignment is bad, but otherwise not.
But even if there <uvere more in the objection to the declaration, in this respect, than there really is, yet it would be no ground for a nonsuit. No irregularity, imperfection, or deficiency, in the ^pleadings, which a verdict would cure, can be a ground for a nonsuit. Now, by the express words of our act, respecting amendments and jeofails, and still more by the universal practice founded upon the liberality of modern times, a verdict cures all • mispleadings, insufficient pleadings, and misjoining of issues, provided sufficient appear to enable the court, to give judgment according to the very right of the case. In short, to nonsuit upon the pleading, it must be apparent, upon the face of *871 them, that the plaintiff has no right of action,'and that a verdict in his favour would be a perfect nullity.
In the opinion of the whole court, let the judgment nonsuit be reversed, and a Venire Facias de novo, issue from this court, if the plaintiffs will.